Brian M. Mueller (No. 009222)
Sherman & Howard L.L.C.
7033 E. Greenway Parkway, Suite 250
Scottsdale, Arizona 85254
Telephone: (480) 624-2716
Facsimile: (480) 624-2029
E-mail: bmueller@shermanhoward.com

Attorneys for plaintiff Tempe Restaurant Partners, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>JHS VENTURES LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:19-bk-06528-MCW<br><br>Adv. No. |
| TEMPE RESTAURANT PARTNERS, LLC<br><br>Plaintiff<br><br>v.<br><br>JHS VENTURES, LLC.<br><br>Debtor/Defendant | **COMPLAINT** |

Plaintiff Tempe Restaurant Partners, LLC (the "Landlord"), by and through its attorneys, Sherman & Howard, LLC, for its Complaint against debtor/defendant JHS Ventures, LLC (the "Debtor") alleges and states as follows:

**JURISDICTION AND VENUE**

1. This Complaint arises out of a written agreement entitled "Triple Net Lease" (the "Lease") for improved real property located at 955 E. University Drive, Tempe, AZ (the "Premises") by which Landlord agreed to lease the Premises to the Debtor.

2. As part of its Plan of Reorganization, the Debtor reaffirmed the Lease and exercised its option to renew the Lease through September 30, 2024.

3. A dispute between the parties has arisen regarding whether the Debtor has defaulted under the Lease for failure to pay all amounts due to the Landlord.

4. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The Landlord consents to the entry of final orders and judgment by the Court.

## **BACKGROUND FACTS**

8. The Landlord incorporates by reference all previous paragraphs of this Complaint.

9. The Landlord contested the validity of the Debtor's exercise of its option to renew the Lease through September 30, 2024, and unsuccessfully filed a Motion for Summary Judgment with this Court, asking the Court to find that the Debtor had not validly exercised its renewal option.

10. The Court found that the Debtor had validly exercised its renewal option.

11. As part of that finding, however, the Court did not change or modify the terms of the Lease.

12. By reaffirming and renewing the Lease, the Debtor agreed to comply with all payment provisions and obligations due from the Debtor to the Landlord under the Lease.

13. Paragraph 4.1(a) of the Lease provides that, during the first three years of the Lease, the Fixed Rent shall be $12,012.75 per month.

- 2 -

Case 2:19-bk-06528-MCW    Doc 122    Filed 01/28/21    Entered 01/28/21 09:11:03    Desc
Active/52754500.1                    Main Document    Page 2 of 10

14. Paragraph 4.1(b) of the Lease provides that, during the next three years of the Lease – years 4 through 6 – the Fixed Rent will be "increased to an amount calculated by multiplying $12,012.75 by the "CPI Increase" as defined in paragraph 4.2.

15. Paragraph 4.2 of the Lease states in part:

> As used herein, "CPI Increase" means a fraction, the denominator of which shall be the Consumer Price Index for all Urban Consumers, Phoenix (1982-1984=100) published by the Bureau of Labor Statistics of the United States Department of Labor (the "CPI") most recently prior to the October 1, 2009 and the numerator of which is the CPI of the same calendar month published most recently prior to the applicable adjustment date.

16. Attached as Exhibit "A" to the Complaint is a true and accurate chart of the CPI for all Urban Consumers published by the Bureau of Labor Statistics of the United Stated Department of Labor for the years 2009 – 2019.

17. The applicable CPI under the Lease for June, 2009 is 117.335 and the applicable CPI under the Lease for November 1, 2012 is 124.128.

18. Pursuant to the formula stated in paragraph 4.1(b) of the Lease, the monthly Fixed Rent for years 4 through 6 is calculated as follows:

124.128 / 117.335 = 1.058

1.058 x $12,012.75 = **$12,709.49**

19. Paragraph 4.1(c) of the Lease provides that, during the next three years of the Lease – years 7 through 9 – the Fixed Rent will be "shall be increased to an amount calculated by multiplying the Fixed Rent paid under Subsection 4.1(b) by the CPI Increase."

20. The applicable CPI under the Lease for June, 2015 is 127.288.

21. Pursuant to the formula stated in paragraph 4.1(c) of the Lease, the monthly Fixed Rent for years 7 through 9 is calculated as follows:

127.288 / 117.335 = 1.085

1.085 x $12,709.49 = **$13,789.80**

- 3 -

22. Paragraph 4.1(d) of the Lease provides that, during the next year of the Lease – year 10 – the Fixed Rent will be "shall be increased to an amount calculated by multiplying the Fixed Rent paid under Subsection 4.1(c) by the CPI Increase."

23. The applicable CPI under the Lease for August, 2018 is 139.554.

24. Pursuant to the formula stated in paragraph 4.1(d) of the Lease, the monthly Fixed Rent for year 10 is calculated as follows:

$139.554 / 117.335 = 1.189$

$1.189 \times \$13,789.80 = \mathbf{\$16,396.07}$

25. Paragraph 4.4 of the Lease states in part:

> In the event Tenant exercises any Renewal Option, Tenant agrees that for the Premises and Landlord's Furnishings, Tenant promises to pay (a) commencing with the Lease Year in the first Renewal Option, beginning on the first day of the one hundred twenty-first (121st) month following the Rent Commencement Date and continuing to the last day of the one hundred eightieth (180th) month following the Rent Commencement Date, a sum equal to the Fixed Rate paid under Subsection 4.1(d) increased to an amount calculated by multiplying the Fixed Rent paid under Subsection 4.1(d) by the CPI Increase plus percentage rent equal to two percent (2%) of Tenant's Gross Sales (as hereinafter defined) ("Percentage Rent").

26. The applicable CPI under the Lease for August, 2019 is 143.760.

27. Pursuant to the formula stated in paragraph 4.4 of the Lease, the monthly Fixed Rent for the first five years of the Renewal Period is calculated as follows:

$143.760 / 117.335 = 1.225$

$1.225 \times \$16,396.07 = \mathbf{\$20,085.19}$

28. In addition to the Fixed Rent, paragraph 4.4 of the Lease also requires the Debtor to pay each month to the Landlord an amount equal to two percent (2%) of the Debtor's Gross Sales, as defined in the paragraph.

29. Paragraph 4.4 of the Lease requires the Debtor to utilize sales reporting machinery to keep a report of sales, and to provide to the Landlord within ten (10) days after the end of each calendar month "a statement ('Tenant's Statement'), signed and verified as being accurate…….certifying as to the amount of Tenant's Gross Sales

transacted during such calendar month and since the beginning of such applicable Lease Year….and indicating the appropriate amount of Percentage Rent."

30. Paragraph 4.4 of the Lease also requires the Debtor "within ninety (90) days after the end of each Lease Year during each Lease year of the Renewal Option…..a statement ('Annual Statement'), certified to Landlord as being accurate, current and complete by Tenant's regular public certified accountants, of the amount of Tenant's Gross Sales transacted during such applicable Lease Year…….."

31. Paragraph 16.1(g) of the Lease, in part, obligates the Debtor at its own expense to "keep all parking areas striped, adequately paved and lighted and free of ruts and pot-holes."

32. Paragraphs 5 and 9 of the Lease provides, in part, that the Debtor shall pay as additional rent all taxes incurred by the Landlord "which may arise or become due during or in respect to the Term relating in any manner whatever to the Premises and/or Landlord's Furnishings or to Tenant's use or occupancy therefore…."

33. Paragraph 36.9 of the Lease provides, in part, "No provision hereof may be waived except by a written instrument signed and dated by the parties against whom enforcement of such waiver is sought. No course of dealings between the parties shall operate as a waiver."

34. Paragraph 36.11 of the Lease provides, in part, "No payment by Tenant or receipt by Landlord of a lesser amount than the amount then due from Tenant shall be deemed to be other than a payment on account of the earliest amount then unpaid….and Landlord may accept and cash such check or payment without prejudice to Landlord's right to recover the balance of such amount or pursue any other remedy."

35. Paragraph 36.10 of the Lease provides:

**Interest**. Any sum payable by tenant under this Lease which is not paid on or before the 10th day after the day when first due shall bear interest, at Landlord's option, from the due date until paid at the rate of 12% per annum.

36. Paragraph 8 of the Lease provides, in part, that "[a]ny installment of Fixed Rent, Percentage Rent, or Additional Rent which is not fully paid on or before the fifth (5th) calendar day after the date when the same was first due shall, at Landlord's option, be subject to a late charge, payable no later than 10 days following written demand, equal to three percent (3%) of the unpaid amount for each 30 day period or portion thereof that any part of such payment remains delinquent."

37. Paragraph 36.7 of the Lease provides, in part, that in the event the Landlord brings suit for the recovery of any sum due under the Lease or any relief against Tenant, "the prevailing party shall be entitled to recover all reasonable attorneys' fees and other costs and expenses incurred in connection therewith (which costs, expenses, fees, and charges may be included in the amount of any judgment rendered), whether or not such action or suit is prosecuted to judgment."

## **BREACH OF CONTRACT**

38. The Landlord incorporates by reference the previous paragraphs of this Complaint.

39. Paragraph 4.2 of the Lease provides, in part, "Landlord shall determine the amount of Fixed Rent payable at the commencement of any Lease Year and shall so notify the Tenant, in writing. Absent material error, Landlord's determination shall be conclusive.

40. The Landlord has notified the Debtor in writing as to amount of the monthly Fixed Rent due to Landlord during the Renewal Period.

41. The Debtor has materially breached the Lease by failing and refusing to pay the full amount of the monthly Fixed Rent due to the Landlord during the Renewal Period.

42. The Debtor has also materially breached the Lease by failing and refusing to timely pay the full amount of the monthly Percentage Rent due to the Landlord during the Renewal Period.

43. The Debtor has also materially breached by failing and refusing to timely pay the full amount of the monthly Additional Rent due to the Landlord during the Renewal Period.

44. The Landlord has made written demand upon the Debtor for full payment of the installments of Fixed Rent, Percentage Rent or Additional Rent, and the Debtor has not made full payment within five (5) days after written notice by the Landlord as provided in paragraph 29.1.1 of the Lease.

45. Pursuant to paragraph 36.10 0f the Lease, the Landlord exercises its option to impose interest at the rate of 12% per annum upon all amounts due from the Debtor under the Lease.

46. Pursuant to paragraph 8 of the Lease, the Landlord exercises its option to impose a late charge of 3% upon all amounts due from the Debtor under the Lease.

47. The Debtor has materially breached the Lease by failing and refusing to timely and fully provide the Landlord with the Tenant's Statement as required in paragraph 4.4 of the Lease.

48. The Debtor has materially breached the Lease by failing and refusing to fully and timely provide the Landlord with an Annual Statement as required by paragraph 4.4 of the Lease.

49. The Debtor has materially breached the Lease by failing and refusing to fully and timely "keep all parking areas striped, adequately paved and lighted and free of ruts and pot-holes" as required by paragraph 16.1 of the Lease.

50. Upon information and belief, the Debtor has materially breached the Lease by failing to operate and maintain the Premises in good working order and make all necessary and appropriate repairs as required by paragraph 16.1 of the Lease.

51. Each of the material breaches identified above, both individually and collectively, constitute Events of Default as provided in Section 29 of the Lease.

52. As a result of the material breaches by the Debtor, the Landlord has been proximately damaged in an amount to be determined at trial, but presently estimated to exceed $100,000.

53. The Debtor does not have a "right to cure" its material breaches under either the Lease or at common law in order to remain in possession of the Premises.

54. As a result of the material breaches by the Debtor, the Landlord is entitled to an Order from this Court awarding the Landlord its past, present and future monetary damages against the Debtor and terminating the Debtor's right of possession of the Premises.

55. The Landlord is entitled to recover its reasonable costs and attorneys' fees incurred in connection with this matter pursuant to paragraph 36.7 of the Lease.

56. This matter arises out of contract, thereby entitling the successful party to an award of its incurred reasonable costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and -341.01.

WHEREFORE, the Landlord requests that the Court enter judgment in its favor, and against the Debtor as follows:

A. Finding that the Debtor materially breached the Lease;

- 8 -

Case 2:19-bk-06528-MCW    Doc 122    Filed 01/28/21    Entered 01/28/21 09:11:03    Desc
Active/52754500.1                Main Document    Page 8 of 10

B. Awarding the Landlord its monetary damages proximately caused by the Debtor's material breaches in an amount to be determined, including late fees and interest as provided in the Lease;

C. Finding that the Lease is terminated and that the Landlord is entitled to immediate possession of the Premises

D. Ordering the Debtor to immediately and peaceably return the Premises to the Landlord;

E. Prohibiting the Debtor from removing any of Tenant's Furnishings from the Premises pursuant to Paragraph 12 of the Lease unless or until all amounts due to the Landlord under the Lease have been paid and/or authorizing the Landlord to sell the Tenant's Furnishings in a reasonably commercial manner and apply those sales proceeds to the amounts due from the Debtor;

F. Awarding the Landlord its reasonable expenses in recovering possession and/or terminating the Lease and/or re-letting the Premises as provided in paragraph 29.2.4 of the Lease; and

G. For such other and further relief as the Court deems just and proper under the circumstances.

**DATED** this 28th day of January, 2021.

**SHERMAN & HOWARD, LLC**

By *Brian M. Mueller*
Brian M. Mueller
7033 E. Greenway Parkway, Suite 250
Scottsdale, Arizona 85054
Attorneys for plaintiff Tempe Restaurant
Partners, LLC

# **CERTIFICATE OF SERVICE**

This is to certify that on this 28th day of January, 2021, copies of the foregoing Complaint were sent to the following counsel of record:

Donald W. Powell
Carmichael & Powell, P.C.
6225 N. 24th St., Suite 125
Phoenix, AZ 85016
*Attorneys for Debtor*

Edward K. Bernatavicius
United States Bankruptcy Court
230 N. First Ave., No. 204
Phoenix, AZ 85003

Matthew A. Silverman
Office of the Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004-1592
*Attorneys for Arizona Department of Revenue*

By: *s/Lori Hinkel*
     Lori Hinkel